# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH B. WHITEFORD and )
JOHN K. WHITEFORD, )
)
       Plaintiffs, )
)
       v. ) 02: 07cv0272
)
PENN HILLS MUNICIPALITY, )
HOWARD DAVIDSON as an individual, )
LEONARD J. HROMYAK as an individual, )
ROBERT C. GALLO as an individual, )
MICHAEL LETTRICH, ESQ., as an individual )
MEYER, DARRAGH, BUCKLER, )
BEBENEK & ECK, P.L.L.C. as a law firm, )
and DAN PELLEGRINI as an individual, )
)
       Defendants. )

## MEMORANDUM OPINION AND ORDER

June 25, 2007

    Presently pending before the Court are the following:

    •   MOTION TO DISMISS OR, ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT, with brief in support, filed by Defendants Michael Lettrich and Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. (*Document Nos. 14 and 17*);

    •   MOTION TO DISMISS PLAINTIFFS' COMPLAINT, with brief in support, filed by Defendants Dan Pellegrini, Robert C. Gallo, and Leonard J. Hromyak (*Document Nos. 15 and 16*);

    •   MOTION TO DISMISS COMPLAINT PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(6), with brief in support, filed by Defendants Penn Hills Municipality and Howard Davidson (*Document Nos. 19 and 20*); and

• PLAINTIFFS' BRIEF IN OPPOSITION TO ANY DEFENDANT MOTION TO DISMISS OR DEFENDANT MOTION FOR SUMMARY JUDGMENT (*Document No. 24*).

The issues have been fully briefed and are ready for disposition. After careful review of the filings and the entire record, each of the Motions to Dismiss will be granted.

**Standard of Review**

When considering a motion to dismiss the court accepts as true all well pleaded allegations of fact. *Pennsylvania Nurses Ass'n v. Pennsylvania State Educ. Ass'n,* 90 F.3d 797, 799-800 (3d Cir. 1996), *cert. denied*, 519 U.S. 1110 (1997). In addition, the court construes all reasonable inferences from those allegations in a light most favorable to the plaintiff. *Id.* The complaint will be dismissed only if there is "no set of facts" which would entitle the plaintiff to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

The Federal Rules of Civil Procedure do not require detailed pleading of the facts on which a claim is based, they simply require "a short and plain statement of the claim showing that the pleader is entitled to relief," enough to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See* Fed. R. Civ. P. 8(a)(2); *see also Conley*, 355 U.S. at 47.

Generally, "to the extent that [a] court considers evidence beyond the complaint in deciding a 12(b)(6) motion, it is converted to a motion for summary judgment." *Anjelino v. New York Times Co.,* 200 F.3d 73, 88 (3d Cir. 1999). However, in resolving a 12(b)(6) motion to dismiss, a court may look beyond the complaint to matters of public record, including court

files and records, and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion. *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993).

Attached to the motions to dismiss filed by Defendants are copies of various court files and records. Because these documents are matters of public record and are essential to Plaintiffs' claims, the Court has considered these documents without the necessity of converting the motion to dismiss into a motion for summary judgment. *Pension Benefit Guar. Corp.,* 998 F.2d at 1196-97.

**Background**

As the law requires, all disputed facts and inferences are resolved most favorable to Plaintiffs. The following background is drawn from the Complaint and the factual allegations therein are accepted as true for the purpose of this opinion.

The Complaint is based upon the alleged civil rights violations of Plaintiffs by the Defendants in connection with the use and/or regulation of land which surround gas wells installed on the Plaintiffs' property in the Municipality of Penn Hills ("Penn Hills"), Pennsylvania.

In July 2003, Plaintiff Joseph B. Whiteford was granted a conditional approval by the Department of Environmental Protection ("DEP") to dig a gas well on property that he and his father, Plaintiff John B. Whiteford, lease for their oil and gas business. Because Plaintiffs failed to secure a grading permit from Penn Hills and improperly disrupted the soil, Penn Hills issued a Notice of Violation ("Notice") of Sections 301.2 and 301.12 of the Existing Structures Code ("Code") for failure to develop the property in accordance with the Site Plan which had

previously been approved by the Penn Hills Planning Commission; failure to obtain a grading permit for work not approved by the Site Plan; and failure to comply with grading and excavation standards and performance principles.

Under § 110.2 of the Code, any person who violates any provision of the Code is subject to a fine of $50 but not more than $500, and each day after a notice of violation is served, it is a separate offense. If a person fails to correct the violation, a complaint may be filed before a Magisterial District Justice and other appropriate legal action may be taken.

When Plaintiffs failed to comply with the Notice, Howard Davidson, the Penn Hills Code Enforcement Officer, filed two separate complaints against Joseph B. Whiteford before Magisterial District Justice Leonard J. Hromyak, *to wit:* one for a violation on July 26, 2004 and the other for a violation on July 28, 2004. Each complaint alleged a violation of Section 301 of the Code, Section 301.2 of the Code, and Section 301.12 of the Code and was based on the same facts as set forth in the Notice. The charges were brought on a court-supplied form entitled "Private Criminal Complaint."

Plaintiff Joseph B. Whiteford was convicted of the violations by Magisterial District Justice Hromyak and was fined $400 plus costs on each conviction.

A. *Prior Legal Challenges Brought By Plaintiff Joseph B. Whiteford*

Plaintiff Joseph B. Whiteford appealed the decision of the Magisterial District Justice to the Court of Common Pleas of Allegheny County. Plaintiff did not challenge whether he had actually violated the cited provisions of the Code; rather he only challenged the manner and ability of Penn Hills to bring the complaints. Plaintiff argued that he was charged

criminally for what was a civil offense and, furthermore, Penn Hills had no authority to file the complaints in the first instance because Penn Hills attempt to regulate such activity was preempted by the Pennsylvania Oil and Gas Act.

After a hearing, the trial judge, the Honorable Robert C. Gallo of the Court of Common Pleas of Allegheny County, Pennsylvania, determined that Penn Hills had the power to bring the actions and that the Penn Hills ordinance was not preempted by the Pennsylvania Oil and Gas Act. Accordingly, Judge Gallo affirmed the violation determinations of the Magisterial District Justice.

Plaintiff then appealed to the Commonwealth Court of Pennsylvania. Again, Plaintiff argued that he was charged criminally for what in reality was a civil offense and that Penn Hills had no authority to bring the complaint as the DEP had granted him a conditional permit and the Pennsylvania Oil and Gas Act preempted the Penn Hills Ordinance. Additionally, Plaintiff also raised the application of the Double Jeopardy clause.

The Commonwealth Court found that while technically processed incorrectly, "the error was not only harmless but advantageous," given that the rules of criminal procedure provide greater process protection than their civil counterpart. The Commonwealth Court also determined that the actions of Penn Hills were not preempted by the Oil and Gas Act and that the Double Jeopardy clause was not implicated because "each day after a notice of violation is served, it is a separate offense." *See Commonwealth of Pennsylvania v. Joseph B. Whiteford*, 884 A.2d 364 (Pa. Commw. 2005) ("*Whiteford I*"). The opinion of the Commonwealth Court was authored by Judge Dan Pellegrini.

Plaintiff then filed a Petition for Allowance of Appeal from the Order of the Commonwealth Court, which was denied by the Supreme Court of Pennsylvania by Order dated July 28, 2006.

Plaintiff did not take any corrective action with regard to the subject convictions. On December 12, 2005, Penn Hills again cited him for the same Code violations in accordance with §§ 301.2 and 301.12 of the Code.

In a second action before Magisterial District Justice Hromyak, Plaintiff Joseph Whiteford again challenged his same violations and invoked identical arguments to those raised in *Whiteford I*. Once again unsuccessful, he took another appeal to the Court of Common Pleas of Allegheny County, and Judge Gallo again affirmed. Plaintiff appealed that decision to the Commonwealth Court of Pennsylvania, which affirmed the lower court. *See Whiteford v. Municipality of Penn Hills*, No. 1931 C.D. 2006 (March 14, 2007) ("*Whiteford II*"). Relying on *Whiteford I*, the Commonwealth Court found that all of the relevant issues of law and fact had been considered and properly determined in *Whiteford I* and, therefore, the doctrine of collateral estoppel precluded relitigation of the matter. The opinion of the Commonwealth Court was authored by Judge James Gardner Colins, President Judge.[1]

B.      *Prior Legal Challenges Brought By Plaintiff John K. Whiteford*

Plaintiff John K. Whiteford also has previously challenged the Penn Hills ordinance violations. *See* Arbitration Docket at AR-04-006207 and Order and Verdict issued by Judge

---

[1] The decision in *Whiteford II* had not been issued as of the time Plaintiffs filed their Complaint in this Court. On June 12, 2007, Plaintiffs filed a Motion to Add as a Defendant James Gardner Colins, an individual (Document No. 32).

6

Robert Gallo on April 26, 2006, which affirmed the decision of the arbitration panel.  Judge Gallo found that the issues raised by John K. Whiteford were "functionally identical to the actions of the defendant's business partner [Joseph B. Whiteford]."  Given the disposition in *Whiteford I*, Judge Gallo declined to entertain John K. Whiteford's arguments that Penn Hills' actions were preempted by the Oil and Gas Act.

C. *The Federal Complaint*

On March 2, 2007, Joseph B. Whiteford and John K. Whiteford, *pro se,* filed the instant lawsuit in which they once more attempt to challenge the Code citations issued by Penn Hills.  However, this time, Plaintiffs have brought their allegations pursuant to 42 U.S.C. § 1983, and allege that the prosecution and affirmance of the violations constituted unlawful conduct and violated Plaintiffs' due process rights under the Fourteenth Amendment to the United States Constitution.  Specifically, Plaintiffs allege that (i) the ordinance violations are not supported by the evidence; (ii) prosecuting civil violations as criminal offenses violates due process; (iii) the DEP explicitly preempts any local ordinance; and (iv) Double Jeopardy.  Named as defendants are not only Penn Hills and its Code Enforcement Officer, Howard Davidson, but also the state court judges who rendered the adverse rulings, and Michael Lettrich, Esquire, and his law firm, Meyer, Darragh Buckler Bebenek & Eck, PLLC ("Meyer Darragh"), who served as solicitor to Penn Hills in the prosecution of Plaintiffs for their alleged repeated violations of the Code.

7

D.  *The Motions to Dismiss*

Defendants have each filed Motions to Dismiss in which they seek to have all of Plaintiffs' claims brought against them dismissed. Defendants Michael Lettrich and Meyer Darragh argue that the claims brought against them are barred by the doctrine of collateral estoppel, the doctrine of absolute prosecutorial immunity, and the Rooker-Feldman doctrine. Defendants Pellegrini, Gallo, and Hromyak (hereinafter collectively referred to as the "Judicial Defendants") argue that the doctrine of judicial immunity bars Plaintiffs' claims against them as a matter of law. Lastly, Penn Hills and Howard Davidson argue that all claims against them are barred by the doctrines of collateral estoppel, res judicata and Rooker-Feldman, that Plaintiffs have failed to state a claim for a violation of substantive due process, and that Defendant Davidson is entitled to qualified immunity.

The motions will be addressed seriatim.

**Discussion**

A.  *Motion to Dismiss Filed by Michael Lettrich and Meyer Darragh*

Defendants argue that Plaintiffs' claims against them are barred by the doctrines of collateral estoppel, absolute prosecutorial immunity, and Rooker-Feldman.

The defense of collateral estoppel or issue preclusion requires that (i) the issue decided in the prior adjudication must be identical with the one presented in the later action; (ii) there must have been a final judgment on the merits; (iii) the party against whom collateral estoppel is asserted must have been a party or in privity with the party to the prior adjudication;

and (iv) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in question in the prior adjudication.

All four factors are clearly present in the case sub judice. On the face of Plaintiffs' Complaint, it is clear that the claims alleged in this action are the same claims and issues which have been litigated on prior occasions by Plaintiffs. The evidentiary support underlying the existence of violations, the preemption of Ordinance 1939 by the Oil and Gas Act, the prosecution of the ordinance violation as a criminal matter, and purported Double Jeopardy, have all been previously raised, analyzed, and rejected by state courts to final judgment against the contentions of Plaintiffs. The gravamen of Plaintiffs' Complaint concerns the Defendants' efforts to enforce Penn Hills' ordinances which relate to the regulation of land use.

Moreover, the United States Supreme Court has held that state prosecutors are absolutely immune from liability under § 1983 for actions that are performed in a quasi-judicial role. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Such conduct includes acts taken "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Light v. Haws,* 472 F.3d 74 (3d Cir. 2007).

Absolute prosecutorial immunity may be extended to those persons whose duties are functionally equivalent to those of a traditional prosecutor, regardless of whether those duties are in the criminal or civil arena. *Light*, 472 F.2d at 79; *Schrob v. Catterson,* 948 F.2d 1402, 1411 (3d Cir. 1991). Prosecutorial immunity is available to those serving as counsel for municipalities. *Amrit Lal v. Borough of Kennett Square*, 935 F. Supp. 570, 575 n.5 (E.D. Pa. 1996).

Defendant Lettrich and his law firm, Meyer Darragh, served as solicitor to Penn Hills in the prosecution of Plaintiffs and their repeated violations of the Code. The Complaint reflects that Plaintiffs' claims against these defendants stem from their legal arguments made in the course of the "vigorous prosecu[tion]" of the "invented crimes." Complaint at ¶ 24. Plaintiffs assert that Defendant Lettrich is the "the originator of the fairy tale told in court transcripts . . . [that] was well received by Gallo and Pellegrini . . . ." *Id*. at 27 (misnumbered as ¶ 24).

Distilled to its essence, the Complaint is comprised of allegations that Defendant Lettrich made legal arguments during the prosecution of violations of the Penn Hills Ordinance and, in the view of the Plaintiffs, these arguments inaccurately reflected the applicable governing law.

The Court finds and rules that these Defendants presented the case of the municipality to the various state courts in the course of regular judicial proceedings; such conduct clearly falls squarely within the type of conduct protected by prosecutorial immunity.[2]

B.   *Motion to Dismiss Filed by the Judicial Defendants*

Plaintiffs claims against the Judicial Defendants are clearly based on Plaintiffs' disagreements with the adverse judicial rulings which the Judicial Defendants made. The

---

[2] Because the Court will dismiss Plaintiffs' claims against Defendants Lettrich and Meyer Darragh on the grounds of the doctrine of collateral estoppel and the doctrine of absolute prosecutorial immunity, the Court need not address Defendants' argument with regard to the Rooker-Feldman doctrine.

Court finds and rules, however, that the Judicial Defendants are entitled to absolute immunity from any claims arising under § 1983 based on the doctrine of judicial immunity.

As the United States Supreme Court stated in *Pierson v. Ray*, 386 U.S. 547, 553-554 (1967), "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." Furthermore, the Supreme Court held in *Pierson* that judges are entitled to absolute immunity even in suits brought under § 1983, reasoning that if Congress had intended to abolish this long-standing judicial principle when creating § 1983, Congress would have specifically so provided. *Id*. at 554-55.

Moreover, judicial immunity shields a judge from suit even when a judge is accused of having acted maliciously or corruptly in the performance of judicial acts. *Stump v. Sparkman*, 435 U.S. 349, 356-357 (1978).

Plaintiffs argue that the Judicial Defendants are not entitled to judicial immunity because, *inter alia*, their "judicial conduct [was] unbecoming" and their actions allegedly infringed upon the constitutional rights of Plaintiffs. However, even if the Plaintiffs' allegations were accepted as true for the purpose of this motion, it is clear that the Judicial Defendants were each acting, at all relevant times, in a judicial capacity. Thus, the doctrine of judicial immunity shields them from this suit.

C. *Motion to Dismiss Filed by Penn Hills and Howard Davidson*

Defendants argue that Plaintiffs' claims are precluded by the doctrines of claim preclusion or *res judicata* and/or issue preclusion or collateral estoppel, the failure of Plaintiffs

to state a claim for a violation of substantive due process, the Rooker-Feldman doctrine, and that Howard Davidson is entitled to qualified immunity.

The defense of claim preclusion or *res judicata* requires a defendant to demonstrate that there has been (i) a final judgment on the merits in a prior suit involving (ii) the same parties or their privies and (iii) a subsequent suit based on the same cause of action. *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984) (citations omitted). If these three factors are present, a claim that was or could have been raised previously must be dismissed as precluded. *Corestates Bank, N.A. v. Huls America, Inc.*, 176 F.3d 187, 194 (3d Cir. 1999) (citations omitted).

Similarly, as explained *supra,* the defense of issue preclusion requires that (i) the issue decided in the prior adjudication must be identical with the one presented in the later action; (ii) there must have been a final judgment on the merits; (iii) the party against whom collateral estoppel is asserted must have been a party or in privity with the party to the prior adjudication; and (iv) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in question in the prior adjudication.

On the face of Plaintiffs' Complaint, it is clear that the claims alleged in this action are the same claims and issues which have been litigated on prior occasions. Moreover, a review of the record establishes that both Penn Hills and Howard Davidson were parties to previous suits brought by these Plaintiffs which involved the same claims and issues, *i.e.*, various challenges by Plaintiffs to citations for violations of a Penn Hills Municipal Ordinance.

These same claims and issues were most recently decided by the Commonwealth Court of Pennsylvania on March 14, 2007 in *Whiteford II.* In that case, the Commonwealth

Court determined that Plaintiff Joseph B. Whiteford was estopped by the doctrine of collateral estoppel from relitigating these same claims and issues.

As noted *supra,* Plaintiffs' challenges to their convictions and the Penn Hills Ordinance have been the subject of repeated litigation. The Court finds and rules that the instant Complaint is yet another attempt to re-litigate these same claims and issues. Accordingly, Plaintiffs' claims are barred by the doctrines of claim and/or issue preclusion and Plaintiffs' Complaint will be dismissed.[3]

D.  *Leave to Amend*

If a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. *Id.* Even if a plaintiff does not seek leave to amend the complaint after the defendant moves for dismissal, unless the district court finds that amendment would be inequitable or futile, the Court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time. *See Grayson v. Mayview State Hosp.*, 293 F.3d 102 (3d Cir. 2002). The district court may dismiss the action if the plaintiff does not file an amended complaint within that time, or if the plaintiff files a notice of her intent to stand on the complaint as filed.

---

[3] Because the Court will dismiss Plaintiffs' claims against Defendants Penn Hills and Howard Davidson based on the doctrine of collateral estoppel and*/or res judicata*, the Court need not address Defendants' arguments with regard to Plaintiffs' failure to state a claim for a violation of substantive due process, the Rooker-Feldman doctrine, and qualified immunity.

The Court finds and rules that it would be futile to allow Plaintiffs to amend their complaint in this matter. Plaintiffs' claims in the present action share a common nucleus of operative facts, claims, and issues with their prior suits, which have been fully litigated, and are therefore barred by issue and/or claim preclusion; an amended complaint could not alter this legal conclusion.

**Conclusion**

For the reasons hereinabove stated, the Court finds that the motions to dismiss filed by Defendants should be granted. Accordingly, Plaintiffs' Complaint will be dismissed with prejudice. An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH B. WHITEFORD and<br>JOHN K. WHITEFORD,<br><br>    Plaintiffs,<br><br>    v.<br><br>PENN HILLS MUNICIPALITY,<br>HOWARD DAVIDSON as an individual,<br>LEONARD J. HROMYAK as an individual,<br>ROBERT C. GALLO as an individual,<br>MICHAEL LETTRICH, ESQ., as an individual<br>MEYER, DARRAGH, BUCKLER,<br>BEBENEK & ECK, P.L.L.C. as a law firm,<br>and DAN PELLEGRINI as an individual,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 02: 07cv0272 |

## ORDER OF COURT

AND NOW, this 25th day of June, 2007, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

(i) the Motion to Dismiss Or, Alternatively, Motion for Summary Judgment filed by Defendants Michael Lettrich and Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. is **GRANTED;**

(ii) the Motion to Dismiss Plaintiffs' Complaint filed by Defendants Dan Pellegrini, Robert C. Gallo, and Leonard J. Hromyak is **GRANTED;** and

(iii) the Motion to Dismiss Complaint Pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) filed by Defendants Penn Hills Municipality and Howard Davidson is **GRANTED.**

It is further **ORDERED** that Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE**.

It is also **ORDERED** that the following Motions are **DENIED AS MOOT**:

(i) Plaintiffs' Motion for a Temporary Restraining Order (*Document No. 12*); and

(ii) Plaintiffs' Motion To Add As A Defendant James Gardner Colins, an individual (Document No. 32).

The Clerk shall docket this case closed.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Joseph B. Whiteford
1188 Hamil Road
Verona, PA 15147

John K. Whiteford
1188 Hamil Road
Verona, PA 15147

Mark E. Schweers, Jr., Esquire
Burns, White & Hickton
Email: meschweers@bwhllc.com

Patrick L. Mechas, Esquire
Burns, White & Hickton
Email: plmechas@bwhllc.com

Mary E. Butler, Esquire
Administrative Office of Pennsylvania Courts
Email: legaldepartment@pacourts.us

Dennis J. Roman, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
Email: djroman@mdwcg.com